# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br>　　　　*Debtors.* | Chapter 11<br>Case No. 14-10979 (CSS) |
| ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., THE LIVERPOOL LIMITED PARTNERSHIP, AND UMB BANK, N.A.,<br>　　　　*Appellants,*<br>　　v.<br>EFH PLAN ADMINISTRATOR BOARD, *et al.*,<br>　　　　*Appellees.* | BAP No. 18-36<br>No. 18-CV-921 (UNA) |

## THE EFH PLAN ADMINISTRATOR BOARD'S
## MOTION TO DISMISS APPEAL

# CORPORATE DISCLOSURE STATEMENT

Pursuant to rule 8012 of the Federal Rules of Bankruptcy Procedure, the EFH Plan Administrator Board discloses that no publicly held company holds 10% or more of its interests. The EFH Plan Administrator Board is administering the estates of certain former above-captioned debtors and debtors in possession who have consummated a merger transaction with Sempra Energy, a publicly traded corporation (NYSE: SRE). Sempra Energy owns more than 10% of certain reorganized debtors.

The EFH Plan Administrator Board (the "PAB") moves this Court to dismiss the above-captioned appeal (the "Appeal") of UMB Bank, N.A., Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, the "Appellants") taken from the June 19, 2018 order of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") [Bankr. D.I. 13221] (the "PAB Participation Order"), which authorized the PAB to participate in the proceedings regarding the *Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [Bankr. D.I. 13102].

## PRELIMINARY STATEMENT

Although the EFH debtors have confirmed and consummated a plan of reorganization, litigation continues. The dispute du jour concerns the allocation of certain administrative expenses between the former bankruptcy estates of Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate Holding Company LLC ("EFIH"). On June 19, 2018, the Bankruptcy Court entered an order authorizing the PAB—as trustee of the liquidating trust charged with making

distributions under the confirmed plan of reorganization—to participate in that allocation dispute. As a liquidating trustee, the PAB is charged with administering the assets (the "Trust Assets") that represent the sole source of recovery for billions of dollars of claims. The PAB cannot distribute a significant portion of the Trust Assets until the allocation dispute is finally resolved.

On June 22, Appellants improperly noticed an appeal of the PAB Participation Order. Under Third Circuit law, an order authorizing a party's participation in a contested matter is *not* a final order. Accordingly, this Court should dismiss the Appeal.

This is no surprise to Appellants. The Bankruptcy Court told Appellants that the PAB Participation Order "is clearly an interlocutory order in my mind that would require of course the normal standards being met for an interlocutory appeal."[1] Attempting to circumvent the Bankruptcy Court's authority, Appellants made the tactical decision *not* to seek leave of the Bankruptcy Court to appeal.[2]

---

[1] *See Declaration of Jason M. Madron in Support of the EFH Plan Administrator Board's Motion to Dismiss Appeal* at Ex. A, 6/14/2018 Hr'g Tr. at 14:21-24.

[2] Even if Appellants had properly sought leave to appeal, such relief is not warranted. This is not an "exceptional case" warranting

2

Appellants did so under the guise of a manufactured emergency: they simultaneously have moved the Bankruptcy Court to stay the PAB Participation Order and have indicated that they may ask this Court to expedite this Appeal. It is all part of a continued effort to silence the PAB from voicing a position based on the PAB's understanding of what is a fair result. That campaign—and this misuse of the appellate process—is directly at odds with Appellants' stated interest of resolving the allocation matters expeditiously and efficiently. Appellants' ongoing efforts to disrupt the process are to the detriment of not only their own recoveries, but also the recoveries of other creditors with millions of dollars at stake.[3]

---

interlocutory review, and the only action that will materially advance the ultimate termination of this matter is the allocation trial scheduled to start September 5, 2018.

[3] If this Court concludes it has jurisdiction to hear the Appeal, the PAB reserves the right to challenge the appellate standing of Appellants. The PAB Participation Order poses no actual or imminent injury to Appellants, nor are they "aggrieved" by it. *See In re PWS Holding Corp.*, 228 F.3d 224, 249 (3d Cir. 2000) ("[A]ppellate standing in bankruptcy cases is limited to persons aggrieved. We consider a person to be aggrieved only if the bankruptcy court's order diminishes their property, increases their burdens, or impairs their rights.") (internal quotation marks and citations omitted).

## BACKGROUND

### A. The PAB.

On April 29, 2014, EFH and certain of its subsidiaries filed chapter 11 petitions and began one of the largest restructurings ever. On February 27, 2018, the Bankruptcy Court confirmed the Debtors' plan of reorganization.[4] The Plan became effective on March 9, 2018.[5]

The Plan provided for the creation of the PAB to administer the Trust Assets—the sole source of recovery for billions of dollars of claims held by more than a dozen creditor constituencies. The EFH Plan Administration Trust Agreement (the "Trust Agreement") was part of the Plan Supplement, incorporated in the Plan, and approved under the Confirmation Order.[6]

---

[4] *See First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan" and the order at Bankr. D.I. 12763, the "Confirmation Order.").

[5] *See Notice of Effective Date* [Bankr. D.I. 12801].

[6] *See* Confirmation Order ¶ 74; *see also First Amended Supplement for the First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* [Bankr. D.I. 12685] at Ex. C.

4

That Trust Agreement, together with the Plan and Confirmation Order, created the EFH Plan Administration Trust (the "Trust") and the PAB (as the trustee).[7] The PAB is charged with effectuating the Plan and administering the Trust by paying claims, resolving and litigating disputed claims, and taking all actions necessary to wind up the estate.[8] Specifically, the PAB is "authorized and empowered . . . to take any action necessary or appropriate to implement, effectuate, consummate, or further evidence the Plan in accordance with its terms . . . without further order of the Court."[9] In addition, the PAB "shall have the power to . . . file, withdraw, or litigate to judgment objections to Disputed Claims or Interests . . .," including "any powers reasonably incidental thereto."[10]

### B. The Allocation Proceedings.

On May 13, 2018, Appellants filed a motion to fix an allocation of certain administrative expenses incurred during the bankruptcy

---

[7] *See* Trust Agreement at Art. I.

[8] *Id.* at Art. I.1.2 ("Purpose of Trust"); Confirmation Order ¶ 90.

[9] Confirmation Order ¶ 90.

[10] Trust Agreement at Art. VI.6.1.

5

between the estates of EFH and EFIH.[11] Although three of the Appellants hold claims at both EFH and EFIH, they favor allocating more of the administrative expenses to EFH (thereby increasing recoveries to EFIH's unsecured creditors) because they hold significantly more claims at EFIH. At least one separately represented group is advocating that EFIH bear a greater share of the administrative expenses (thereby increasing recoveries to EFH's unsecured creditors).

On May 15, the PAB filed a motion seeking to establish a schedule to resolve the allocation issues.[12] On June 5, the Bankruptcy Court held a hearing about the allocation issues. The Bankruptcy Court ruled that it would set a litigation schedule to decide the allocation dispute, but deferred a ruling on whether the PAB could participate as a party,

---

[11] *See Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [Bankr. D.I. 13102].

[12] *See Motion of the EFH Plan Administrator Board for Entry of an Order Scheduling Certain Hearing Dates and Deadlines and Establishing Certain Protocols in Connection with the EFH/EFIH Allocation Dispute* [Bankr. D.I. 13113].

6

pending additional briefing. On June 11, the PAB and Appellants submitted letter briefs regarding the PAB's participation.[13]

On June 14, the Bankruptcy Court held a telephonic hearing and ruled that the PAB could participate in the allocation proceedings.[14] Appellants made an oral motion to stay that ruling pending an appeal.[15] The Bankruptcy Court denied the oral motion as premature, but observed that its order authorizing the PAB's participation was "clearly interlocutory" and that the irreparable harm prong "is lacking."[16]

On June 19, 2018, the court entered the PAB Participation Order. On June 22, Appellants filed a motion to stay the PAB Participation Order in the Bankruptcy Court and moved to shorten notice on that motion. [17] Contemporaneously herewith, the PAB has opposed Appellants' motion to shorten notice in the Bankruptcy Court.

---

[13] *See Letter from PAB's Counsel* [Bankr. D.I. 13191]; *Letter from Appellants' Counsel* [Bankr. D.I. 13190].

[14] *See* Madron Decl., Ex. A, 6/14/2018 Hr'g Tr. at 5:5-9:11.

[15] *See id.* at 13:1-25.

[16] *See id.* at 14:19-15:21.

[17] *See Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott for Stay of Order Authorizing EFH Plan Administrator Board's Participation in the Allocation Dispute* [Bankr. D.I. 13235]; *Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott for Entry of an Order Shortening Notice With Respect to Joint Motion of*

7

# ARGUMENT

## II. This Court Lacks Jurisdiction To Hear The Appeal.

### A. The PAB Participation Order Is Not A Final Order.

While the Third Circuit "takes a pragmatic view of the finality of bankruptcy appeals," *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 97 (3d Cir. 1988), the "inefficient use of judicial resources is as objectionable in bankruptcy appeals as in other fields," *In re Natale*, 295 F.3d 375, 379 (3d Cir. 2002).

This is an appeal of an order authorizing a party to participate in a contested matter. It is analogous to an order granting a party's intervention in a litigation. In the Third Circuit, "orders granting intervention are not final for purposes of appeal." *Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 225 (3d Cir. 1994); *In re Cont'l Airlines, Inc.*, 932 F.2d 282, 286 (3d Cir. 1991) ("orders denying intervention are appealable, but orders granting intervention are not"). *See also Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987) (holding that district court order granting permissive intervention, but denying intervention as of right, was not immediately appealable and

---

*UMB Bank, N.A., as Indenture Trustee, and Elliott for Stay of Order Authorizing EFH Plan Administrator Board's Participation in the Allocation Dispute* [Bankr. D.I. 13236].

8

noting that "the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference"); *Shore v. Parklane Hosiery Co.*, 606 F.2d 354, 356 (2d Cir. 1979) (dismissing for lack of jurisdiction appeal of order granting restrictive intervention that permitted participation in hearing).

In the Bankruptcy Court, Appellants cited *Matter of Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir. 1982), contending: "Third Circuit precedent is clear that when an order allows a party to intervene in a contested proceeding, that order is final for purposes of appellate review."[18] That is a bald misrepresentation of *Marin*. Indeed, that case actually establishes that the PAB Participation Order is not appealable.

In *Marin*, the bankruptcy court had issued an order ***denying*** intervention (i.e., a final order), and the district court then reversed that ruling. *See id.* at 447. To determine whether it had jurisdiction to hear an appeal of the ***district court's*** ruling, the Third Circuit acknowledged the "usual rule": an order ***denying*** intervention in a lawsuit is final but "an order ***granting*** intervention is ordinarily not

---

[18] *See Joint Motion of UMB Bank, N.A., as Indenture Trustee, and Elliott for Stay of Order Authorizing EFH Plan Administrator Board's Participation in the Allocation Dispute* [Bankr. D.I. 13235] at 9, n.4.

9

considered appealable." *Id.* (emphasis added) (citing *EEOC v. Am. Telephone & Telegraph Co.*, 506 F.2d 735, 742 (3d Cir. 1963); C. Wright and A. Miller, 7A Federal Practice and Procedure § 1923 (1972 & Supp. 1982)). The *Marin* court then narrowly concluded it had jurisdiction to review the district court's reversal of the bankruptcy court's denial of intervention because, "when the bankruptcy court issues what is indisputably a final order, and the district court issues an order affirming or reversing, the district court's order is also a final order for purposes of section 1293(b)." *Id.* at 449. As the Third Circuit later elaborated, "[in *Marin*,] we assumed jurisdiction over the district court's grant of intervention **because the original order of the bankruptcy court had been final**." *In re Cont'l Airlines, Inc.*, 932 F.2d at 286 (emphasis added).

Here, there is no such procedural wrinkle; this Court's jurisdictional analysis is straightforward, because it solely involves consideration of an original bankruptcy court order, not a second appellate-level review of a bankruptcy court's order. Consistent with the general rule articulated in *Marin*, the Bankruptcy Court's order **granting** the PAB's request to participate in the allocation dispute is

10

neither final nor appealable. *See Marin Motor Oil, Inc.*, 689 F.2d at 447.

In turn, because the PAB Participation Order is interlocutory, Appellants were required to seek leave to appeal it. *See* 28 U.S.C. § 158(a)(3) (allowing appeals from interlocutory orders "with leave of the court"); Fed. R. Bankr. P. 8004 (requiring party wishing to appeal interlocutory order to move for leave to appeal); *see also Bowie Produce Co. v. Magic Am. Café, Inc. (In re Magic Rests., Inc.),* 202 B.R. 24, 26 (D. Del. 1996) ("Magic must obtain leave of the court to pursue an interlocutory appeal."). Failure to do so is grounds for dismissal. *See Eleazar v. United States,* No. 97-21682(DS), 2002 WL 471848, at *1–2 (D.N.J. Feb. 11, 2002) (Slip Op.) (dismissing appeal from interlocutory order because appellant did not move for leave to appeal and appellant "filed improperly his notice of appeal"). Because Appellants did not seek leave to appeal the PAB Participation Order, this Court should dismiss the Appeal.

### B. Even if Appellants Had Sought Leave to Appeal, Such Relief is Not Warranted.

Even if Appellants had properly sought leave, they could not establish the requisite cause and extraordinary circumstances to

11

warrant this Court's jurisdiction. District courts may review an interlocutory order only when it "(1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *See In re Culp*, 550 B.R. 683, 694 (D. Del. 2015). Appellants also must establish that "exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment." *In re Magic Rests., Inc.*, 202 B.R. at 26; *see also Chase Bank USA, N.A. v. Hess*, Civ. No. 08-121-LPS, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) ("Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation.") (citation omitted).

Appellants cannot meet that high burden for at least four independent reasons. **First**, the Appeal does not rest on a question of law, let alone a controlling one. *See Chase Bank*, 2011 WL 4459604, at *2 (a "controlling question of law" is "one which would result in a reversal of a judgment after final hearing" (quoting *Katz v. Carte*

12

*Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974)). Instead, and as Appellants recognize, the PAB Participation Order rests on the Bankruptcy Court's ***application*** of governing documents. *See Appellants' Joint Statement of Issues on Appeal* [D.I. 3] ("Whether the Bankruptcy Court erred by authorizing the PAB to participate . . . even though the E-Side Debtors' chapter 11 plan of reorganization and related documents do not expressly authorize such participation"); *see also* Madron Decl., Ex. A, 6/14/2018 Hr'g Tr. at 13:6-9 (Appellants' counsel: "I think Your Honor's ruling, very thoughtful, relies on the language in the confirmation order which at best is ambiguous.").

***Second***, to prove a "substantial difference of opinion," Appellants must show that "a dearth of opinion exists as well as a judicial conflict on the issue." *In re Magic Rests., Inc.,* 202 B.R. at 26; *see also In re Anderson News, LLC*, Civ. No. 12-87-LPS, 2013 WL 6504415, at *3 (D. Del. Dec. 10, 2013) (noting need for "contrary authority"). Appellants cannot make that showing. There is no judicial conflict concerning the Bankruptcy Court's ability to apply the Plan, Confirmation Order, and Trust Agreement to a set of facts. While Appellants may disagree with the Bankruptcy Court's application, "[a] party's disagreement with the

13

bankruptcy court's ruling does not constitute 'a substantial ground for a difference of opinion' within the meaning of 1292(b)." *In re SemCrude, L.P.*, Bankr. No. 08-11525 (BLS), 2010 WL 4537921, at *3 (D. Del. Oct. 26, 2010) (brackets omitted) (quoting *Hurst v. City of Dover*, Civ.A. 04-083-KAJ, 2006 WL 2347707, at *2 (D. Del. Mar. 21, 2006)).

***Third***, this Appeal cannot "materially advance the ultimate termination of the litigation." *In re Culp*, 550 B.R. at 694. Tellingly, while Appellants have sought to stay the PAB Participation Order, they have not sought to stay the proceedings. Indeed, Appellants already served ***party*** discovery on the PAB, and the parties will produce documents in July, take depositions in August, and go to trial in early September. Granting an interlocutory appeal would do nothing more than generate additional costs by forcing the PAB to oppose the appeal while continuing to litigate the allocation dispute in the Bankruptcy Court. *See In re Edison Bros. Stores, Inc.*, No. CIV. A. 96-177-SLR, 1996 WL 363806, at *3 (D. Del. June 27, 1996) ("[T]he court is not convinced that an immediate appeal in this case will materially advance the ultimate termination of the litigation (as opposed to materially advancing the rights of the appellants, as they argue).").

***Fourth***, there are no "exceptional circumstances" here. *See In re Magic Rests., Inc.*, 202 B.R. at 26 (denying motion for leave to appeal notwithstanding existence of controlling question of law, because party requesting relief was unable to show exceptional circumstances justifying immediate review). The Bankruptcy Court has merely (and unremarkably) authorized the PAB's participation in a multi-party litigation. That is an insufficient basis to overcome the presumption against piecemeal litigation. Even assuming there was something unfair about a litigant taking a position on a litigated matter (and there is not), the Bankruptcy Court is well equipped to evaluate and weigh (and, as it sees fit, discard) the evidence and argument presented by the PAB.[19]

In sum, had Appellants properly sought leave to appeal, they could not establish the requisite cause and extraordinary circumstances to warrant immediate review.

---

[19] The PAB is also mindful of the burden imposed on this Court's docket by the creditors of the Debtors, who have noticed ***five*** appeals to this Court since March. *See In re Physiotherapy Holdings, Inc.*, No. AP 15-51238-KG, 2017 WL 6524524, at *5 (D. Del. Dec. 21, 2017) ("Leave for interlocutory appeal may be denied for 'entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue.'" (quoting *Katz*, 496 F.2d at 754)).

## CONCLUSION

Based on the foregoing, the PAB respectfully requests that this Court dismiss the Appeal and grant further relief as is just and proper.

*[Remainder of page intentionally left blank.]*

Dated: June 25, 2018  
Wilmington, Delaware

Respectfully submitted,

 /s/ Joseph C. Barsalona II  
**RICHARDS, LAYTON & FINGER, P.A.**  
Mark D. Collins (No. 2981)  
Daniel J. DeFranceschi (No. 2732)  
Jason M. Madron (No. 4431)  
Joseph C. Barsalona II (No. 6102)  
920 North King Street  
Wilmington, DE 19801  
Telephone: (302) 651-7700

**KIRKLAND & ELLIS LLP**  
James H.M. Sprayregen, P.C.  
Marc Kieselstein, P.C.  
300 North LaSalle  
Chicago, IL 60654  
Telephone: (312) 862-2000

Mark E. McKane, P.C.  
Michael P. Esser  
Anna Terteryan  
555 California Street  
San Francisco, CA 94104  
Telephone: (415) 439-1400

Bryan M. Stephany  
655 Fifteenth Street, N.W.  
Washington, D.C. 20005  
Telephone: (202) 879-5000

Aparna Yenamandra  
McClain Thompson  
601 Lexington Ave.  
New York, NY 10022  
Telephone: (212) 446-4800

*Counsel to EFH Plan Administrator Board*

## CERTIFICATION OF COMPLIANCE

**Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:** This motion complies with the type-volume limitation of Fed. R. App. P. Rule 27(d)(1), made applicable to this motion by Fed. R. Bankr. P. 8013(f)(1), because this motion does not exceed 5,200 words, excluding any parts of the motion exempted by applicable rule. This motion complies with the typeface requirements of Fed. R. App. P. Rule 27(d)(1), made applicable to this motion by Fed. R. Bankr. P. 8013(f)(1), because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010, in 14-point Century Schoolbook.

          */s/ Joseph C. Barsalona II*
          Joseph C. Barsalona II (No. 6102)
          RICHARDS, LAYTON & FINGER, P.A.
          One Rodney Square
          920 North King Street
          Wilmington, Delaware 19801
          Telephone:  (302) 651-7700
          Facsimile:  (302) 651-7701