# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ENERGY FUTURE HOLDINGS CORP., *et al.*[1]<br><br>    *Debtors*, | Chapter 11<br><br>Case No. 14-10979 (CSS)<br><br>(Jointly Administered) |
| ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., THE LIVERPOOL LIMITED PARTNERSHIP, AND UMB BANK, N.A.<br><br>    *Appellants*,<br><br>v.<br><br>ENERGY FUTURE HOLDINGS CORPORATION PLAN ADMINISTRATOR BOARD, *et al.*,<br><br>    *Appellees*. | Civil Action No. 18-921 (UNA) |

## EMERGENCY JOINT MOTION OF APPELLANTS ELLIOTT ASSOCIATES, L.P., ELLIOTT INTERNATIONAL, L.P., THE LIVERPOOL LIMITED PARTNERSHIP, AND UMB BANK, N.A., AS INDENTURE TRUSTEE (I) TO EXPEDITE BRIEFING AND HEARING ON APPEAL, AND (II) FOR RELIEF FROM THE STANDING ORDER ON MEDIATION

---

[1] The last four digits of Energy Future Holdings Corp.'s tax identification number are 8810. The location of the debtors' service address is 1601 Bryan Street, Dallas, Texas 75201. Due to the large number of debtors in these chapter 11 cases, for which joint administration has been granted, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at http://www.efhcaseinfo.com.

# **CORPORATE DISCLOSURE STATEMENT**

In accordance with Rule 8012 of the Federal Rules of Bankruptcy Procedure, Appellant UMB Bank, N.A. respectfully states that its parent company is UMB Financial Corporation, which is a publicly traded company.

# **CORPORATE DISCLOSURE STATEMENT**

In accordance with Rule 8012 of the Federal Rules of Bankruptcy Procedure, each of Appellants Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership respectfully states that it has no parent corporation and no publicly held corporation owns 10% or more of its stock.

UMB Bank, N.A., as Indenture Trustee for the unsecured 11.25%/12.25% Senior Toggle Notes due 2018, Elliott Associates, L.P., Elliott International, L.P., and The Liverpool Limited Partnership (collectively, "Elliott" and, together with the Trustee, "Appellants"), by and through their undersigned counsel, move this Court (the "Motion"), pursuant to Federal Rules of Bankruptcy Procedure 8013(a)(2)(B), 8013(d) and 8028, and Federal Rule of Appellate Procedure 2, for entry of an order (i) setting this appeal for expedited briefing and hearing, and (ii) relief from this Court's standing order on mediation.[2] In support of this Motion, Appellants respectfully represent as follows:

## BACKGROUND

**A. The Plan and the PAB's Duties and Obligations to Both EFH and EFIH Creditors.**

On February 27, 2018, the United States Bankruptcy Court for the District of Delaware entered an order (the "E-Side Confirmation Order") [Bankr. D.I. 12763] confirming the *First Amended Joint Plan of Reorganization of Energy Future Holdings Corp., Energy Future Intermediate Holding Company LLC, and the*

---

[2] Pursuant to Bankruptcy Rule 8013(d)(2)(B), Appellants submit that the relief requested herein relates to this Court's management of its own docket, and would therefore not be appropriate for consideration by the Bankruptcy Court. *See* Rule 8013(d)(2)(B) ("The emergency motion must . . . state whether al grounds for it were submitted to the bankruptcy court and, if not, why the motion should not be remanded to the bankruptcy court to consider.").

4

*EFH/EFIH Debtors Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan").[3] The Plan became effective on March 9, 2018.

In connection with the Plan becoming effective, the Energy Future Holdings Corporation Plan Administrator Board (the "PAB") was appointed pursuant to the EFH Plan Administration Trust Agreement (the "Trust Agreement"). The PAB serves as a fiduciary to the creditor bodies of two prior debtors – Energy Future Holdings Corp. ("EFH") and Energy Future Intermediate Holding Company LLC ("EFIH") – which constitute the two competing beneficiary classes for distributions under the Plan. Pursuant to the Trust Agreement, the PAB is obligated to administer the trust, which includes various remaining assets of EFH and EFIH, including cash on hand, for the benefit of ***all*** beneficiaries in accordance with the Plan. [*See* Bankr. D.I. 12798-4 § 1.2].

The Plan separately classifies claims of certain creditors, including claims against EFH and against EFIH. [*See* Bankr D.I. 12763, Ex. A, Art. III.A]. The Plan further provides for pro rata recoveries for general unsecured claims from certain unsecured creditor recovery pools. [*See* Bankr. D.I. 12763, Ex. A, Art. III.B ¶¶ 9(b), 21(c)]. To determine what funds are available for the unsecured creditor recovery pools, certain higher priority claims, such as administrative

---

[3] Appellants filed notices of appeal regarding the E-Side Confirmation on March 13, 2018 and March 23, 2018, which appeals are pending before this Court in consolidated Civil Action No. 18-400 (RGA).

claims that accrued during the chapter 11 cases, first must be allocated to each estate. The pools ultimately available for general unsecured creditors are then reduced by the allocated portions of the higher priority claims.

Appellants represent over $2 billion in claims against both the EFIH and EFH estates. UMB represents the claims of holders of $1,566,234,000 in aggregate principal amount of unsecured notes issued by EFIH, of which Elliott holds over $1.2 billion. Elliott also holds hundreds of millions of dollars of claims at EFH. [Bankr. D.I. 12895-1].

> **B. Appellants File the Allocation Motion and the PAB Initially Avoids Taking a Substantive Position in the Allocation Dispute.**

The issues related to allocation of administrative claims between the EFH and EFIH estates were extensively discussed between various parties during the chapter 11 cases. However, the parties were unable to reach agreement regarding an allocation methodology. Until allocation matters are resolved, meaningful distributions to unsecured creditors at EFIH and EFH cannot be made.

On May 13, 2018, seeking resolution of these allocation issues, Appellants filed the *Joint Motion of UMB Bank, N.A. as Indenture Trustee, and Elliott to Fix Appropriate Allocation of Certain Reserves and Expenses as Between the EFH and EFIH Debtors* [Bankr. D.I. 13102] (the "Allocation Motion") with the Bankruptcy Court, seeking entry of an order allocating certain administrative expenses (the

"Material Administrative Expense Claims") as between the EFH and EFIH estates (the "Allocation Dispute").[4]

Two days later, the PAB filed a motion [Bankr. D.I. 13113] (the "PAB Scheduling Motion") seeking entry of an order establishing a schedule for resolving the Allocation Dispute. Though the PAB's proposed schedule contemplated that the PAB would be a party to the Allocation Dispute, the PAB made clear that it "[did] not take a position on the merits of the proposal set forth in the [Allocation] Motion or the accuracy or inaccuracy of any of the factual statements set forth therein." [Bankr. D.I. 13113, ¶ 9].

On May 29, 2018, Appellants filed an objection to the PAB Scheduling Motion [Bankr. D.I. 13149] requesting that the Bankruptcy Court deny the motion and enter an order approving Appellants' proposed schedule. [Bankr. D.I. 13149, ¶¶ 13-15; *see also* Bankr. D.I. 13152-1 Sec. II]. Appellants further asked that the Bankruptcy Court limit the PAB's role in connection with the Allocation Dispute to that of a third-party recipient of document requests and witness given certain

---

4   In particular, the four Material Administrative Expense Claims addressed in the Allocation Motion are (i) the administrative claims asserted by NextEra Energy, Inc. for a termination fee and/or reimbursement of certain expenses; (ii) any allowed administrative claim asserted by any professional retained by the official committee of unsecured creditors of EFH, EFIH, and certain other debtors (the "E-Side Committee"); (iii) any allowed administrative expense claim asserted by any professional retained by the EFH and EFIH debtors; and (iv) the allowed administrative claim by Elliott based on its substantial contributions to the estates.

7

inherent conflicts of interest of the PAB and its counsel. Indeed, the Bankruptcy Court had previously observed: "I find it difficult to accept an argument that a fiduciary for two different estates where the entire issue is which estate gets more than the other estate is not conflicted." [Bankr. D.I. 12887, at 40:18-21 (attached hereto as Exhibit A)].

Also on May 29, 2018, the PAB filed an objection to the Allocation Motion [Bankr. D.I. 13150] therein seeking denial of the relief sought in the Allocation Motion. Critically, the PAB again professed that it "is not taking a position on the merits of the [Allocation Motion]," and "does not take a position on the factual accuracies or inaccuracies in the [Allocation Motion]." [Bankr. D.I. 13150, ¶¶ 4-5].

### C. The PAB Reverses Course and Seeks to Take a Substantive Position in the Allocation Dispute.

Two days later, the PAB reversed course. On May 31, 2018, the PAB filed a reply in support of the PAB Scheduling Motion [Bankr. D.I. 13163] therein formally requesting – for the first time – to "participate in the process by submitting initial and/or supplemental written submissions regarding the [Allocation Motion]," and requesting that the Bankruptcy Court revisit its prior observation that the PAB likely has a conflict with respect to the allocation issues. [Bankr. D.I. 13163, ¶¶ 1, 4].

D.  **The Bankruptcy Court Grants the PAB's Request to Be a Party in the Allocation Dispute but Cautions That the PAB's Participation Will Be a "Delicate Dance" and the PAB Is to "Proceed at [Its] Own Risk."**

On June 5, 2018, the Bankruptcy Court held a hearing to consider the competing scheduling orders for the Allocation Motion.  At the hearing, the Bankruptcy Court reserved ruling on whether the PAB could participate as a party-litigant in the allocation matter, noting that "*if I do allow the [PAB] to participate I think I can't undo the omelet . . . .*"  [Bankr. D.I. 13184, at 47:24-48:1; 49:4-50:5 (emphasis added) (attached hereto as Exhibit B)].

On June 11, 2018, the Bankruptcy Court entered a scheduling order to govern the allocation matter (the "Scheduling Order").  [Bankr. D.I. 13193].  The Scheduling Order included Appellants and certain others as "Parties" to the allocation matter, but excluded the PAB as a "Party" unless and until "the [Bankruptcy] Court approves it becoming a Party."  [Bankr. D.I. 13193 ¶ 2].

At a telephonic hearing on June 14, 2018, the Bankruptcy Court ruled that the PAB may participate as a party-litigant in the Allocation Dispute.  [Bankr. D.I. 13235-3 (attached hereto as Exhibit C)].  The Bankruptcy Court explained that it did not believe the PAB was "inherently so conflicted that it simply can't participate at all" because "[it did] foresee that there are positions that the trustee can take and actions that the trustee can take to thread the difficult situation that the trustee definitely finds himself in . . . ."  [*Id.* at 6:18-7:8].  The Bankruptcy Court

9

cautioned, however, that "it will be a delicate dance certainly for the PAB to participate in this dispute and still stay true to its duty of impartiality," and added that the PAB "will proceed at [its] own risk." [*Id.* at 6:18-7:8].

On June 19, 2018, the Bankruptcy Court formally entered an Order (the "<u>Participation Order</u>" (attached hereto as Exhibit D)) [Bankr. D.I. 13221] providing that (a) the PAB shall be a "Party" for purposes of the Scheduling Order, and (b) the EFH/EFIH Debtors' former counsel Kirkland & Ellis LLP and Richards, Layton & Finger P.A. are permitted to represent the PAB in its capacity as a "Party" under the Scheduling Order. [Bankr. D.I. 13221, ¶ 1]

Under the Scheduling Order, discovery is set to close on August 10, 2018. [Bankr. D.I. 13193, ¶ 5(i)]. "Parties" objecting to the Allocation Motion are required to serve briefs outlining their preliminary positions by June 29, 2018, with final submissions filed on August 13, 2018. [Bankr. D.I. 13193, ¶¶ 5-7]. A three-day trial is scheduled to begin on September 5, 2018. [Bankr. D.I. 13193, ¶ 8(k)].

**E.  Appellants Immediately Appeal the Bankruptcy Court's Order Permitting the PAB to Participate in the Allocation Dispute and Seek to Stay the Participation Order Pending Appeal.**

Two days after the Bankruptcy Court entered the Participation Order, on June 21, 2018, Appellants filed a notice of appeal of such order. [Bankr. D.I. 13229]. The next day, and in light of the expedited Scheduling Order that sets the Allocation Dispute for trial on September 5, 2018, Appellants filed a motion

requesting that the Bankruptcy Court stay the Participation Order pending this appeal and a motion seeking an expedited hearing on the stay request. [Bankr. D.I. 13235, 13236]. The same day, Appellants filed their statement of issues and designation of items to be included in the record. [Bankr. D.I. 13238]. Notably, this appeal presents only a single issue for review: whether the Bankruptcy Court erred by authorizing the PAB to participate as a party-litigant in contested proceedings between creditors of the EFH estate and creditors of the EFIH estate. [Bankr. D.I. 13238, ¶ 1].

On June 25, 2018, the PAB filed a motion to dismiss the appeal (the "PAB's Motion to Dismiss"). [D.I. 4.].[5] The Bankruptcy Court also denied Appellants' request for an expedited hearing on the stay request. [Bankr. D.I., 13241].

## RELIEF REQUESTED

For the reasons set forth below, Appellants seek an order of this Court (i) expediting the briefing schedule and hearing on the merits of the appeal and (ii) granting relief from the standing order on mediation in this Court.

---

[5] Appellants intend to oppose the PAB's motion to dismiss. As detailed below, in the interest of judicial economy Appellants respectfully request that the Court consolidate merits briefing on the appeal with oppositions and replies (if any) to the PAB's Motion to Dismiss.

11

# ARGUMENT

## A. Expediting Briefing Schedule and Hearing Is Appropriate.

This Court has "inherent authority" to manage its docket "with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892-93 (2016). Further, Rule 8013(a)(2)(B) of the Federal Rules of Bankruptcy Procedure provides that a motion to expedite an appeal must "explain what justifies considering the appeal ahead of other matters" and that, if a district court grants a motion to expedite an appeal, it may "accelerate the time to transmit the record, the deadline for filing briefs and other documents, oral argument, and the resolution of the appeal." Fed. R. Bankr. P. 8013(a)(2)(B).

Rule 8028 of the Bankruptcy Rules provides that:

> In the interest of expediting decision or for other cause in a particular case, the district court or BAP, or where appropriate the court of appeals, may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002, 8003, 8004, 8005, 8006, 8007, 80112, 8020, 8024, 8025, 8026, and 8028.

Rule 8028, like Rule 2 of the Federal Rules of Appellate Procedure from which Rule 8028 was derived, was promulgated to "make clear the power of the courts of appeal to expedite the determination of cases of pressing concern to the public or to the litigants by prescribing a time schedule other than that provided by the rules." Fed. R. App. P. 2 advisory committee's note 1967; *see also* Fed. R.

Bankr. P. 8028 advisory committee's note 2014 (noting that Rule 8028 "is derived from former Rule 8019 and F. R. App. P. 2").

Pursuant to Rule 8028, Appellants request that the Appeal be expedited and the Court approve the following briefing schedule for both merits briefing and the PAB's Motion to Dismiss, which was filed on June 25, 2018:

- **Appellants' consolidated opening merits brief and opposition to the PAB's Motion to Dismiss** – to be filed no later than 7 days after the Court's entry of the order attached hereto

- **Appellees' consolidated answering merits brief(s) and reply in support of the PAB's Motion to Dismiss** – to be filed no later than 7 days after service of Appellants' opening merits brief

- **Appellants' merits reply brief** – to be filed no later than 3 days after service of Appellee(s)' answering merit brief(s)

Consolidating the merits and motion to dismiss briefing into four briefs (the PAB's Motion to Dismiss, plus the above) rather than six briefs will aid in judicial economy. Further, a single, expedited briefing schedule on all issues will aid in the complete resolution of this appeal as soon as practicable. At the conclusion of the briefing, Appellants request that oral argument, if required, be set at the Court's earliest convenience.

Appellants respectfully submit that good cause exists for an expedited appeal and briefing schedule. *See, e.g.*, *In re Visteon Corp.*, 612 F.3d 210, 215 (3d Cir. 2010), *as amended* (July 15, 2010), *as amended* (July 19, 2010) (noting that the district court had granted an expedited appeal in a case involving the

potential immediate cessation of health benefit payments to retirees); *Rothenberg v. Ralph D. Kaiser Co.*, 200 B.R. 461, 463 (D.D.C. 1996) (granting an expedited appeal where property of the Chapter 11 debtor was slated for immediate sale by the plan trustee); *In re Combustion Eng'g*, 2003 Bankr. LEXIS 1044 (Bankr. D. Del. 2003) (finding that appellant would suffer irreparable harm if not afforded an expedited appeal process and setting a briefing schedule concluding in 21 days after entry of the bankruptcy court order being appealed from).

Absent an expedited appeal and briefing schedule, Appellants will be irreparably harmed. The PAB – which owes fiduciary duties to both the EFH and EFIH creditors – is already participating as a party-litigant in the Allocation Dispute, which will determine the proper allocation of certain reserves and administrative expenses as between the EFH and EFIH estates and materially impact the respective recoveries of the EFH and EFIH creditors in a zero-sum game. The Allocation Dispute is proceeding forward on an agreed-upon expedited schedule set forth in the Participation Order. Fact discovery under the Scheduling Order is ongoing and is set to conclude on August 10, 2018. Shortly thereafter, on August 13, 2018, final written submissions are due to be filed, and the trial on the allocation issues shall begin on September 5, 2018. If the appeal proceeded under the normal timeline provided by the rules (leaving aside delay for potential mediation required by this Court's standing order issued on July 23, 2004), the trial

on the Allocation Dispute will be over before briefing on the appeal is complete, let alone any oral argument. Consequently, absent expedited relief, Appellants' right to appellate review of the Participation Order will not be merely delayed, but denied. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (expedited resolution of appeals warranted under Fed. R. App. P. 2 where "rights delayed are rights denied" or "important public policy issues are involved").

Moreover, the longer the PAB's participation continues, the more difficult (if not impossible) it will be to reverse the impact of its participation as a party advocate. While counsel for the PAB has suggested that its participation as a party advocate could be limited to a written submission that can be simply disregarded or stricken by the Bankruptcy Court, that contention misses the undeniable impact that the statement of a position by the PAB (who is represented by the same counsel as the EFH and EFIH Debtors were for the nearly four-year-long bankruptcy) will have on the Allocation Dispute. The PAB believes it comes clothed with the appearance of impartiality by virtue of the fiduciary duties it owes to both classes of beneficiaries. Yet the PAB effectively asks for permission to urge the Bankruptcy Court to favor one of two classes over the other. And quite obviously, the PAB and its counsel only seek to do so because they think their opinion *should* affect the Bankruptcy Court's decision, and thus have an impact on the distributions that EFH creditors and EFIH creditors actually receive.

15

Additionally, the PAB's assertion ignores that the PAB's participation as a "Party" cannot be so limited. The Scheduling Order requires the PAB to take substantive positions as a party advocate on all issues raised in the Allocation Dispute and at all stages of the allocation proceedings. [*See* Bankr. D.I. 13221, ¶ 1 (providing that the PAB is a "Party" for purposes of the Scheduling Order); *see also* Bankr. D.I. 13193, ¶¶ 5(e), 7(a) (requiring "Parties" to serve a brief and file final written submissions taking substantive positions regarding the each of the four Material Administrative Expense Claims addressed in the Allocation Motion)]. Indeed, as the Bankruptcy Court observed at the June 5, 2018 hearing: "*[I]f I do allow the plan administrator board to participate I think I can't undo the omelet.*" [Bankr. D.I. 13184, at 47:24-48:1; 49:4-50:5 (emphasis added)].

The PAB's ongoing and active participation in the Allocation Dispute not only constitutes cause for expediting the appeal and briefing, but also demonstrates irreparable harm *to the disfavored class for which the PAB is a fiduciary*. See *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 595 (3d Cir. 2002) (irreparable harm is an injury "which cannot be redressed by a legal or equitable remedy following a trial." (citing *Instant Air Fright Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d 1989)).

Further, expedited briefing will not harm Appellees. The singular merits issue in Appellants' Notice of Appeal is straightforward, and extensive briefing
16

should not be required. Moreover, the parties have already briefed the underlying issue in the Bankruptcy Court. On balance, the avoidance of irreparable harm and absence of harm to other parties constitute good cause to expedite briefing and determination of this appeal.

**B.** **Relief from Standing Order Is Warranted.**

By order dated July 23, 2004, the Court ordered that all appeals from the Bankruptcy Court would be subject initially to mediation (the "Standing Order"). The Standing Order states that mandatory mediation is necessary to "assist the parties to amicably resolve the disputes which are the subject of appeals before this Court."

The parties here have previously discussed the issues raised in the Allocation Dispute extensively. Though Appellants understand the policy and intent of the Standing Order to facilitate the expeditious and amicable resolution of appeals from the Bankruptcy Court, under the circumstances here, mediation would do nothing but delay resolution of the Appeal, causing unnecessary expense to the parties without a corresponding benefit.

## **CONCLUSION**

WHEREFORE, Appellants respectfully request that the Court (i) set the expedited briefing and hearing schedule referenced herein and (ii) grant relief from the Standing Order requiring mediation.

Wilmington, Delaware
Date: June 25, 2018

**BAYARD, P.A.**

*/s/ Erin R. Fay*_____
Scott D. Cousins (No. 3079)
Erin R. Fay (No. 5268)
Evan T. Miller (No. 5364)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
scousins@bayardlaw.com
efay@bayardlaw.com
emiller@bayardlaw.com

–and–

**ROPES & GRAY LLP**
Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Gregg.Galardi@ropesgray.com

*Counsel for Elliott and UMB Bank, N.A., as Trustee*

# CERTIFICATION OF COMPLIANCE

**Type-Volume Limitation, Typeface Requirements, and Type Style Requirements:** This motion complies with the type-volume limitation of Fed. R. App. P. Rule 27(d)(1), made applicable to this motion by Fed. R. Bankr. P. 8013(f)(1), because this motion does not exceed 5,200 words, excluding any parts of the motion exempted by applicable rule. This motion complies with the typeface requirements of Fed. R. App. P. Rule 27(d)(1), made applicable to this motion by Fed. R. Bankr. P. 8013(f)(1), because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010, in 14-point Times New Roman.

**D. Del. LR 7.1.1:** Counsel to Appellants made reasonable efforts to reach agreement with the Appellees (inclusive of the PAB, the EFH Indenture Trustee, and the Ad Hoc EFH Claimants) by contacting counsel to the Appellees, including by telephone between Delaware counsel. The EFH Indenture Trustee and the Ad Hoc EFH Claimants did not agree to the expedited schedule proposed herein, and the PAB has opposed the relief sought by this Motion.

**BAYARD, P.A.**

*/s/ Erin R. Fay*_____
Erin R. Fay (No. 5268)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
efay@bayardlaw.com