## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>ENERGY FUTURE HOLDINGS CORP., *et al.*,<br>    *Debtors.* | Chapter 11<br>Case No. 14-10979 (CSS) |
| ELLIOTT ASSOCIATES, L.P.,<br>ELLIOTT INTERNATIONAL, L.P.,<br>THE LIVERPOOL LIMITED<br>PARTNERSHIP, AND UMB BANK,<br>N.A.,<br>    *Appellants,*<br>    v.<br>EFH PLAN ADMINISTRATOR BOARD, *et al.*,<br>    *Appellees.* | BAP No. 18-36<br>No. 18-CV-921 (RGA)<br><br>**Re: D.I. 4, 7, 10** |

# THE EFH PLAN ADMINISTRATOR BOARD'S OPPOSITION TO EMERGENCY MOTION TO <u>EXPEDITE BRIEFING AND HEARING ON APPEAL</u>

Appellants improperly noticed an appeal from an interlocutory Bankruptcy Court order authorizing the EFH Plan Administrator Board (the "PAB") to participate in a contested matter [Bankr. D.I. 13221] (the "PAB Participation Order").

For the following reasons—and those set forth in the *EFH Plan Administrator Board's Motion to Dismiss the Appeal* [D.I. 4] (the "Motion to Dismiss")—the PAB opposes the *Emergency Joint Motion of Appellants Elliott Associates, L.P., Elliott International, L.P., the Liverpool Limited Partnership, and UMB Bank, N.A., as Indenture Trustee (I) To Expedite Briefing and Hearing on Appeal, and (II) For Relief from the Standing Order on Mediation* [D.I. 7] (the "Motion to Expedite").

The PAB respectfully requests that this Court enter the alternative proposed order attached as **Exhibit A** hereto.[1]

## OPPOSITION

This Court should deny the Motion to Expedite because the appeal is an improper misuse of the judicial process and rests on a self-made "emergency" that is nothing of the sort.

---

[1] If the Motion to Expedite is denied, the PAB does not oppose Appellants' request to remove this matter from mediation.

***First***, in an effort to evade the Bankruptcy Court's authority, Appellants tactically declined to seek leave to appeal an unquestionably interlocutory order. *See Trent v. Dial Med. of Fla., Inc.*, 33 F.3d 217, 225 (3d Cir. 1994) ("orders granting intervention are not final for purposes of appeal"); *In re Cont'l Airlines, Inc.*, 932 F.2d 282, 286 (3d Cir. 1991) ("orders denying intervention are appealable, but orders granting intervention are not").[2]

Instead of properly seeking leave, Appellants are doubling down on their effort to expedite an appellate resolution. This Court should not condone Appellants' attempt to circumvent the Bankruptcy Court's supervision of a basic component of the underlying dispute— determining the participants. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 380 (1987) ("the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference").

---

[2] *See also* 28 U.S.C. § 158(a)(3) (allowing appeals from interlocutory orders "with leave of the court"); Fed. R. Bankr. P. 8004 (requiring party wishing to appeal interlocutory order to move for leave to appeal); *Bowie Produce Co. v. Magic Am. Café, Inc. (In re Magic Rests., Inc.)*, 202 B.R. 24, 26 (D. Del. 1996) ("Magic must obtain leave of the court to pursue an interlocutory appeal.").

RLF1 19596538v.1

Accordingly, this Court should exercise its inherent control of its docket to hear the Motion to Dismiss before ordering any briefing on the merits of the appeal. For one, there is an open question whether this Court has jurisdiction to evaluate the merits. But even if this Court has jurisdiction, adjudicating the Motion to Dismiss first will foster judicial economy; if this Court grants the PAB's motion, there will be no need for the parties to brief—and this Court to evaluate and decide—the merits.[3]

***Second***, as the Bankruptcy Court already recognized, there is no emergency here. In parallel with this motion, Appellants moved to expedite the Bankruptcy Court's consideration of a motion to stay the PAB Participation Order. The Bankruptcy Court summarily denied

---

[3] Had Appellants sought leave to appeal, they could not establish the requisite cause and extraordinary circumstances to warrant immediate review. *See In re SemCrude, L.P.*, 407 B.R. 553, 556 (D. Del. 2009). ***First***, the Appeal does not rest on a question of law, let alone a controlling one. Instead, it rests on the Bankruptcy Court's application—and interpretation—of governing documents. ***Second***, there is no judicial conflict concerning the Bankruptcy Court's ability to apply those documents to a set of facts. ***Third***, granting an interlocutory appeal would do nothing more than generate additional costs as the parties simultaneously litigate the appeal and the allocation dispute in the Bankruptcy Court. ***Fourth***, Appellants cannot identify any "exceptional circumstance" about an order that merely authorizes a party to participate in litigation.

3

that motion to expedite, [4] and the rationale is straightforward. Appellants' core premise is fundamentally flawed. The PAB's participation in this litigation is not causing irreparable harm. This is particularly true given that the PAB is a fiduciary, who will participate in good faith as an honest and impartial broker. Despite multiple briefs in two courts, Appellants have been unable to identify any authority to the contrary.

Among other things, Movants' argument assumes there is no role for the Bankruptcy Court. But the Bankruptcy Court is, of course, well equipped to evaluate and weigh (and, as it sees fit, discard) any evidence and argument presented by the PAB. Given that the Bankruptcy Court (not the PAB) will decide the underlying allocation dispute, Appellants have not and will not suffer any irreparable harm from the PAB's participation.

Even assuming *arguendo* there was something inherently unfair about the PAB taking a public position on a litigated matter, that issue is not a basis for an emergency appeal. Appellants created any timing issue by seeking an expeditious litigation schedule in the Bankruptcy

---

[4] *See* Bankr. D.I. 13241.

4

Court. Appellants did so with full knowledge that the Bankruptcy Court was also—and in parallel—considering whether to grant the PAB full participation rights under Appellants' schedule. Indeed, Appellants rejected two scheduling proposals from the PAB that contemplated the PAB would submit its position on the ***back-end*** of any schedule.[5] Instead, Appellants insisted that all participating parties make their views known on the ***front-end*** of the schedule.[6] In doing so, Appellants created the timing issue about which they now complain.

***Third***, this Court should reject Appellants' complaints about the PAB's participation as a "party-litigant," given that Appellants are actively benefitting from the PAB's status as a party.[7] Last month, Appellants served the PAB with ***party*** discovery—twenty-seven (27) document requests and eleven (11) interrogatories. The PAB is in the

---

[5] *See, e.g.*, May 31, 2018 Amended PAB Proposed Scheduling Order [Bankr. D.I. 13163-1] at ¶ 7 ("On Monday, June 11, 2018, the Participating Parties **(excluding the EFH Plan Administrator Board)** may file initial submissions regarding the Elliott Motion") (emphasis added).

[6] *See Declaration of Jason M. Madron in Support of the EFH Plan Administrator Board's Motion to Dismiss Appeal* [D.I. 5] at Ex. A, 6/5/2018 Hr'g Tr. at 58:9-11 (Appellants' counsel: "[Y]ou've got to have people's positions stated in writing so that we can go forward with the litigation and do the allocations.").

[7] *See* Motion to Expedite at 9, 11, 14.

process of collecting documents for review and production. If Appellants truly believed the PAB's participation was prejudicial, they would seek a stay of the entire proceeding. But Appellants do not—and have not—and they cannot have their discovery cake and eat it too.

## CONCLUSION

Based on the foregoing, the PAB respectfully requests that this Court enter the alternative proposed order attached as **Exhibit A** and set a briefing schedule on the Motion to Dismiss.

*[Remainder of page intentionally left blank.]*

| | |
|---|---|
| Dated: July 2, 2018<br>Wilmington, Delaware | Respectfully submitted,<br><br>*/s/ Joseph C. Barsalona II*<br>**RICHARDS, LAYTON & FINGER, P.A.**<br>Mark D. Collins (No. 2981)<br>Daniel J. DeFranceschi (No. 2732)<br>Jason M. Madron (No. 4431)<br>Joseph C. Barsalona II (No. 6102)<br>920 North King Street<br>Wilmington, DE 19801<br>Telephone: (302) 651-7700<br><br>**KIRKLAND & ELLIS LLP**<br>James H.M. Sprayregen, P.C.<br>Marc Kieselstein, P.C. (*pro hac vice*)<br>300 North LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br><br>Mark E. McKane, P.C.<br>Michael P. Esser (*pro hac vice*)<br>Anna Terteryan (*pro hac vice*)<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400<br><br>Bryan M. Stephany (*pro hac vice*)<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br><br>Aparna Yenamandra (*pro hac vice*)<br>McClain Thompson (*pro hac vice*)<br>601 Lexington Ave.<br>New York, NY 10022<br>Telephone: (212) 446-4800<br><br>*Counsel to EFH Plan Administrator Board* |