IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ENERGY FUTURE HOLDINGS CORP., et al., | : | Bankruptcy Case No. 14-10979 (CSS) |
| | : | |
| Debtor. | : | |
| | : | |
| ELLIOT ASSOCIATES, L.P., et al., | : | |
| | : | |
| Appellants, | : | |
| | : | |
| v. | : | Civil Action No. 18-921-RGA |
| | : | |
| EFH PLAN ADMINISTRATOR BOARD, et al., | : | |
| | : | |
| Appellees. | : | |

**ORDER**

The motion to expedite (D.I. 7) is **DENIED**. The motion for relief from the Standing Order on mediation (D.I. 7) is **GRANTED**.

Appellants want expedited briefing and expedited decision before a Bankruptcy Court trial scheduled for September 5, 2018.

The underlying order appealed from appears to grant "EFH Plan Administrator Board" party status, and to authorize two law firms to represent the PAB. (D.I. 1-1; *see* D.I. 7 at 10). Appellants describe the issue on appeal as whether "the Bankruptcy Court erred by authorizing the PAB to participate as a party-litigant in contested proceedings between creditors of the EFH estate and creditors of the EFIH estate." (D.I. 7 at 11).

Appellees oppose, noting among other things that the order is not a final order and does not appear therefore to be an appealable order. (D.I. 21, p.2, citing two Third Circuit cases). On the surface, Appellees appear to be correct.

I do not understand why, if the intervention order is erroneous, it cannot be reviewed on appeal after the trial verdict, just like any other pretrial order. I am not convinced there is any irreparable harm if it is not decided until appeal after trial.

IT IS SO ORDERED this 5 day of July 2018.

/s/ Richard G. Andrews
United States District Judge